## 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

### JORDAN v. CUNNINGHAM.

#### September 20th, 1888.

APPEALS—*Refusal of bill of review—Statute of limitations.*—By §§ 3, 17, ch. 18, Acts 1884 (Code 1887, § 3455), it matters not whether decree of refusal is to filing or to granting prayer of bill of review to final decree rendered more than twelve months before, petitions from such decree of refusal must be presented within six months from date of refusal.

Appeal from decree of circuit court of Nelson county, entered at its August special term, 1886, upon a bill of review filed by James M. Jordan and others to a decree of the court pronounced October 3d, 1884, in the cause of V. H. Cunningham and others against W. P. Jordan and others. The decree refused to grant the prayer of the bill, and to review and reverse the decree of October 3d, 1884, and James M. Jordan appealed.

*Ro. Whitehead,* and *J. T. Brown,* for the appellants.

*Caskie & Coleman,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The cause of controversy was and is the construction of the fifth and sixth clauses of the will of W. C. Jordan, deceased, made part of the record. The appellees have made and submitted a motion to dismiss the appeal, presented by the record in this case as having been improvidently granted, upon the ground that *more than six months* had elapsed when the appeal

was asked since the rendition in the circuit court of the decree complained of; that decree being a final decree refusing a bill of review, within the meaning and purview of the statute allowing and limiting appeals and writs of error. Acts 1884, Extra Session, p. 21. This suit was originally brought in the circuit court of Nelson county for the purpose of construing the will of W. C. Jordan, deceased, and making partition of his real estate among his devisees. The court having construed the will as the parties then stood before the court, and partition of the land having been decreed and executed, a further question of construction, viz: who were entitled to the share'of Oscar D. Jordan, one of the sons and devisees named in the fifth clause of the will of W. C. Jordan, deceased, who had meanwhile died intestate and without issue, was presented to the court by a petition filed in the cause by the appellees, who claimed that they were entitled to the said Oscar D. Jordan's share, to the exclusion of the appellants. At the September term, 1884, of the said circuit court, the appellants having answered this petition, the court entered a decree sustaining the claim of the appellees, and deciding that the appellants, under the will of W. C. Jordan, took no part of Oscar D. Jordan's share of the real estate. This decree was rendered on the 3d day of October, 1884. At the September term, 1885, one year afterwards, the appellants filed their petition for a rehearing and reversal of the said decree of October 3, 1884; and at the August special term, 1886, of the said circuit court of Nelson county, a decree was rendered upon the said petition, refusing its prayer and reaffirming the decree of October 3, 1884. From this decree the appellants presented their petition to one of the judges of this court, asking for this appeal on July 25, 1887, which was allowed.

The motion to dismiss the appeal is made under the third section and the seventeenth section of chapter 18 of Acts 1884, pp. 20, 21. This statute, limiting the time within which appeals and writs of error may be allowed, after reducing the time from two years to one year, says: "provided,

however, that if the final decree from which an appeal is asked is a decree refusing a bill of review to a final decree rendered more than twelve months prior thereto, no petition for an appeal from or *supersedeas* to such decree so refusing a bill of review shall be allowed, unless it be presented within six months from the date thereof." The decree of October 3, 1884, was rendered more than twelve months prior either to the decree refusing the bill of review or to the present action of the petition for appeal; and the petition for appeal was presented eleven months after the decree refusing the bill of review. It is contended, however, by the appellants that the statute must be construed to apply only to a decree refusing to permit a bill of review to be filed, and not a decree refusing the prayer of a bill of review. We are of opinion that the record in this case presents a case clearly within the purview of the statute; the obvious prescription and policy of which is to limit the period allowed for appeals and *supersedeas* in cases of bills of review to *six months*, whether the decree of refusal be to the filing of the bill of review or to the prayer of the bill, because, in effect, they are the very same. The refusal to permit a bill of review to be filed is, necessarily, a refusal of the prayer and object of the bill, and is an adjudication of the merits of the case made by the bill of review, and operates an affirmance of the decree sought to be reviewed. This court being without jurisdiction to entertain this appeal, it must be dismissed, with costs to the appellees; and this disposes of the case, leaving it as decided by the decree below.

APPEAL DISMISSED.